Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Siranush Yapudzhyan<br><br>Plaintiff,<br>v.<br><br>NCO Financial Systems, Inc.<br><br>Defendant. | **Case Number:**<br>**'10 CV 2161 L NLS**<br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

### INTRODUCTION

1. Sirahush Yapudzhyan, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of NCO Financial Systems, Inc. ("NCO"), with regard to attempts by NCO to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.



**ORIGINAL**

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by NCO were knowing and intentional, and that NCO did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of NCO's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7. Because NCO does business within the State of California, and reached into California by placing numerous telephone calls to Plaintiff in California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

10. At all times relevant, NCO conducted business within the State of California.

11. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

## FACTUAL ALLEGATIONS

12. Sometime before August 20, 2010, Plaintiff is alleged to have incurred certain financial obligations to Bank of America.

13. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

15. Sometime thereafter, but before August 20, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

16. Bank of America contacted Plaintiff on numerous occasions concerning this alleged debt.

17. In response to Bank of America contacting Plaintiff on this alleged debt, and prior to April 7, 2010, Plaintiff retained counsel.

18. On April 7, 2010, Plaintiff's counsel sent Bank of America a letter informing Bank of America that it represented Plaintiff concerning this alleged debt.

19. A few days later, that letter was received by Bank of America.

20. Subsequently, but before August 20, 2010, the alleged debt was assigned, placed, or otherwise transferred by Bank of America to NCO for collection.

21. On or about August 20, 2010, NCO telephoned Plaintiff and demanded payment of the alleged debt.

22. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

23. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

24. NCO failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any

portion thereof, NCO would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified NCO in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, NCO would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by NCO and that NCO would provide Plaintiff with the name and address of the original creditor. This omission by NCO violated 15 U.S.C. § 1692g.

25. Because this omission violated the language in 15 U.S.C. § 1692g, NCO also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

26. During this telephone call, Plaintiff informed NCO that she was represented by legal counsel. NCO's representative then asked for Plaintiff's attorney's contact information. Plaintiff responded that Bank of America had the attorney contact information and NCO should contact Bank of America for the exact attorney contact information.

27. On or about August 22, 2010, Plaintiff received a telephone call from NCO. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

28. Without the prior consent of Plaintiff given directly to NCO or the express permission of a court of competent jurisdiction, NCO communicated with Plaintiff in connection with the collection of a debt when NCO knew Plaintiff was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, NCO violated 15 U.S.C. § 1692c(a)(2).

29. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal

Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

30. During this telephone call Plaintiff again informed NCO that she was represented by counsel and to contact Bank of America for the attorney's contact information. This is the same information Plaintiff provided to NCO two days prior, but NCO failed to make any investigation with the original creditor, Bank of America to determine Plaintiff's attorney's contact information.

31. Subsequently, Plaintiff received a series of telephone calls from NCO. Each of these telephone calls were "communication[s]" as 15 U.S.C. §1692a(2) defines that term, and "debt collection[s]" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

32. In each case, NCO knew Plaintiff was represented by counsel.

33. In each case, NCO communicated with Plaintiff without the prior consent of Plaintiff given directly to NCO. In each case, NCO communicated with Plaintiff in connection with the collection of a debt when NCO knew Plaintiff was represented by an attorney with respect to such debt and had knowledge of, or could have readily and easily ascertained such attorney's name and address. Consequently, NCO violated 15 U.S.C. § 1692c(a)(2).

34. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from NCO.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

38. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

39. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from NCO.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against NCO, and Plaintiff be awarded damages from NCO, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: October 12, 2010

Hyde & Swigart

By: _____
Robert L. Hyde
Attorneys for Plaintiff

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Siranush Yapudzhyan

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

## DEFENDANTS
NCO Financial Systems, Inc.

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'10 CV 2161 L NLS

10 OCT 15 PM 2:36

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 75,000.01
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** 10/14/10
**SIGNATURE OF ATTORNEY OF RECORD** [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 19140  AMOUNT $350  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

TB 10-15-10

**ORIGINAL**

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019140
Cashier ID: mbain
Transaction Date: 10/15/2010
Payer Name: HYDE AND SWIGART
---------------------------------
CIVIL FILING FEE
 For: YAPUDZHYAN V NCO FINANCIAL
 Case/Party: D-CAS-3-10-CV-002161-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 4158
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```